**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| **PAMELA HYDE BELL,** | ) | **Case No. 3:25-bk-03593** |
| Debtor. | ) | **Chapter 7** |
| | ) | **Judge Mashburn** |
| **JEANNE ANN BURTON, TRUSTEE,** | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PAMELA HYDE BELL, individually** | ) | |
| **and as Trustee for MERIDIUS TRUST;** | ) | |
| **LOYD BINFORD BELL, as Trustee for** | ) | |
| **MERIDIUS TRUST; ROBERT OLIVER** | ) | |
| **HYDE, as Trustee for MERIDIUS** | ) | |
| **TRUST; LOYD BINFORD** | ) | **Adv. Proc. No. _____** |
| **BELL III; KATHERINE WESLEY** | ) | |
| **BELL; CHARLES WORTH BELL;** | ) | |
| **ROBERT ANDREW BELL; and** | ) | |
| **WILLIAM SIMPSON BELL,** | ) | |
| Defendants. | ) | |

## COMPLAINT

Jeanne Ann Burton, the Trustee in the above-captioned case, files this action against the above-named Defendants seeking declaratory judgment and related relief and would further state:

## PARTIES

1.  Plaintiff Jeanne Ann Burton (the "Trustee") is the duly appointed Chapter 7 Trustee of the Estate of Pamela Hyde Bell (the "Debtor"). The Trustee brings this Complaint in her capacity as trustee, on behalf of the bankruptcy estate, for its claims against Defendants.

2.  Defendant Meridius Trust is an alleged trust created on or about April 6, 2018, for the benefit of the following beneficiaries:  Loyd Binford Bell III, Katherine Wesley Bell, Charles

Worth Bell, Robert Andrew Bell, and William Simpson Bell. Meridius Trust may be served with process through its alleged Trustees, Pamela Hyde Bell and Loyd Binford Bell.

3. Defendant Pamela Hyde Bell ("Pamela") is, on information and belief, a resident of Williamson County, Tennessee and may be served with process at 219 Gloucester Street, Franklin, Tennessee 37064. Pamela is a Defendant in this matter in both her individual capacity and as trustee of the alleged Meridius Trust.

4. Defendant Loyd Binford Bell ("Loyd") is, on information and belief, a resident of Williamson County, Tennessee and may be served with process at 219 Gloucester Street, Franklin, Tennessee 37064. Loyd is a Defendant in this matter in his capacity as trustee of the alleged Meridius Trust.

5. Defendant Robert Oliver Hyde ("Hyde") is, on information and belief, a resident of Shelby County, Tennessee and may be served with process at 230 Arbor Commons Circle, Apt. #105, Memphis, Tennessee 38120. Hyde is a Defendant in this matter in his capacity as trustee of the alleged Meridius Trust.

6. Defendant Loyd Binford Bell III ("Loyd III") is, on information and belief, a resident of Williamson County, Tennessee and may be served with process at 219 Gloucester Street, Franklin, Tennessee 37064.

7. Defendant Katherine Wesley Bell ("Katherine") is, on information and belief, a resident of Jefferson County, Alabama and may be served with process at 2319 1st Avenue North, Apt. #201, Birmingham, Alabama 35203.

8. Defendant Charles Worth Bell ("Charles") is, on information and belief, a resident of Davidson County, Tennessee and may be served with process at 127 Old Liberty Pike, Franklin, TN 37064.

Case 3:26-ap-90075  Doc 1  Filed 07/16/26  Entered 07/16/26 14:39:26  Desc Main
Document    Page 2 of 7

9. Defendant Robert Andrew Bell ("Robert") is, on information and belief, a resident of Williamson County, Tennessee and may be served with process at 219 Gloucester Street, Franklin, Tennessee 37064.

10. Defendant William Simpson Bell ("William") is, on information and belief, a resident of Williamson County, Tennessee and may be served with process at 6416 Waterford Drive, Brentwood, Tennessee 37027.

## JURISDICTION AND VENUE

11. This Court has jurisdiction in the matter pursuant to 28 U.S.C. § 157(b).

12. This adversary proceeding constitutes a core proceeding within the meaning of 28 U.S.C. § 157(b).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

14. The statutory predicate for the relief sought herein includes, but is not limited to, 11 U.S.C. §§ 541 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

15. Upon information and belief, on or about April 18, 2018, Stewart Campbell, Jr. and Shanan L. Campbell sold a certain parcel of real estate located at 219 Gloucester Street, Franklin, Tennessee 37064 (the "Property") to "Pamela Hyde Bell, as Trustee for Meridius Trust". The sale of the Property was a cash transaction, with Pamela funding $426,880.94 for the Property on April 17, 2018. Pamela was the only person appearing on behalf of the purchaser of the Property.

16. Pamela alleges that the Meridius Trust was created on April 6, 2018, for the benefit of her children: Loyd III, Katherine, Charles, Robert and William (collectively, the "Children"). Pamela further alleges that she and Loyd were the original Trustees of the Meridius Trust. Despite

numerous subpoenas and court orders, neither Pamela nor Loyd have produced a full copy of the Meridius Trust agreement.

17. As part of the closing on the Property, the closing attorney had on the closing checklist to obtain a full copy of the Meridius Trust agreement. Upon information and belief, neither the seller's nor the buyer's attorneys received a full copy of the Meridius Trust agreement. Rather, the buyer's counsel received only two pages from Pamela: (1) a single, first page titled "Certification of Trust" which purports to represent that the Meridius Trust had been created on April 6, 2018, and (2) a single page entitled "Declaration of Trust" purporting to show that Pamela was a grantor of the Meridius Trust and that she and Loyd were trustees of the Meridius Trust.

18. No other pages of the purported trust have been produced; thus it cannot be determined whether the Meridius Trust was properly executed, whether Pamela was the only grantor, whether the Children were the only purported beneficiaries, what rights were granted the trustees, what rights remained with the grantor, and/or how the Meridius Trust could be dissolved.

19. Pamela, the Debtor herein, has been unable to produce a complete copy of the Meridius Trust documents nor has she been able to identify who might have a complete copy. She has testified that she cannot recall the source of the $426,880.94 that was used to purchase the Property, nor can she recall who paid the purchase price. Pamela has been unable or unwilling to testify whether she continues to live in the Property and/or whether Loyd continues to live in the Property. Rather, she has testified that Loyd "occasionally" lives in the Property and that she lives there subject to his discretion.

20. Pamela has asserted that on or about August 31, 2018, she resigned as Trustee of the Meridius Trust and was replaced by Hyde. Upon information and belief, Hyde is the brother

of Pamela. Like Pamela, Hyde has been unable to produce a copy of the Meridius Trust documents.

21. Pamela has testified that she does not know whether the Meridius Trust has any other assets or bank accounts. She has testified that the purpose of the Meridius Trust was to pass the Property to the Children upon her death, without the need for probate.

22. Finally, despite not being able to produce the formation documents for the Meridius Trust, she has testified that it was a revocable trust.

23. The Property currently has an approximate value of $785,000. Upon information and belief, it is unencumbered.

## CLAIM 1 – DECLARATORY JUDGMENT

24. Plaintiff incorporates and restates by reference all preceding paragraphs of this Complaint.

25. Pursuant to 11 U.S.C. § 541 and Rule 7001 of the Rules of Bankruptcy Procedure, the Court can determine the extent of the estate's interest in property.

26. The Trustee, on behalf of this bankruptcy estate, owns 100% of the legal and/or equitable interest in the Property.

27. When property "is alleged to be held in trust, the burden rests upon the claimant to establish the original trust relationship." *In re Hunter*, 380 B.R. 753, 764-65 (Bankr. S.D. Ohio 2008) (quoting *Riley v. Tougas*, 338 B.R. 164, 173 (Bankr. D. Mass. 2006)). Bankruptcy Courts look to state law to determine whether that relationship exists. *Sharp v. Dery*, 253 B.R. 204, 206-07 (E.D. Mich. 2000). In Tennessee, to prove that an express trust exists requires proving that there is a "grantor or settlor who intends to create a trust; a corpus (the subject property); a trustee; and a beneficiary." *Myers v. Myers*, 891 S.W.2d 216, 218 (Tenn. Ct. App. 1994).

28. The certificate of trust produced by Pamela to the closing attorney is not adequate proof of the existence and terms of the Meridius Trust for this adversary proceeding. In "a judicial proceeding concerning the trust," like this one, a litigant has the right to request an actual "copy of the trust instrument." Tenn. Code Ann. § 35-15-1013(g).

29. Pamela cannot prove the existence of the Meridius Trust, or its alleged terms. Without proof of the validity of the Meridius Trust, the Property was owned by the Debtor on the date of the filing of the petition, and is now property of the bankruptcy estate.

30. "[T]he paramount rule of construction" for deeds is "to carry out the intention of the parties, if such intention was lawful, [as] ascertained by considering the entire deed." *Howell v. Davis*, 268 S.W.2d 85, 87 (Tenn. 1954). When a deed names a grantee in a capacity that is void or inoperable (like "as Trustee for Meridius Trust" here), that trust language is deemed "surplusage." *Hicks v. Sprankle*, 257 S.W. 1044, 1046 (Tenn. 1924).

31. The named grantee (Pamela) was the owner of the Property individually, with the surplusage as just an inoperative descriptor. *Id.* (holding that, where wife could not legally (at the time) convey a property from herself to herself and her husband as tenants by the entirety, the property still went to the husband, with the "tenants by the entirety" language viewed as "surplusage").

32. Therefore, this Court should determine that the Property is property of this bankruptcy estate and that the Trustee has the right and authority to sell the Property for the benefit of the creditors of this estate.

WHEREFORE, the Plaintiff requests that the Court enter a judgment:

A. Declare under 11 U.S.C. § 541 the Meridius Trust invalid.

B. Finding, pursuant to 11 U.S.C. § 541, that the Property is property of this estate, and may be sold by the Trustee for the benefit of the creditors of this estate; and

C. Granting such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Trent Meriwether
Phillip G. Young, Jr.
Trent Meriwether
Thompson Burton PLLC
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6000
phillip@thompsonburton.com
tmeriwether@thompsonburton.com
*Counsel to Jeanne Ann Burton, Trustee*

Case 3:26-ap-90075   Doc 1   Filed 07/16/26   Entered 07/16/26 14:39:26   Desc Main
Document     Page 7 of 7